Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| FIRSTBANK PUERTO RICO<br><br>Peticionaria<br><br>v.<br><br>SUCESIÓN DE NATALIA PABÓN GARCÍA COMPUESTA POR:<br><br>ODARA PABÓN MARTÍ, LUIS ALFONSO PABÓN VEGA, LUIS PABÓN GARCÍA Y ENRIQUE PABÓN GARCÍA<br><br>Recurrida | KLCE202301396 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre: Cobro de Dinero; Ejecución de Hipoteca<br><br>Caso Número: SJ2022CV10740 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2024.

La parte peticionaria, FirstBank de Puerto Rico, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 11 de octubre de 2023, notificada el 13 de octubre de 2023. Mediante la misma, el tribunal primario declaró *Con Lugar* una solicitud sobre relevo de sentencia promovida por la aquí recurrida, señora Miriam Martí Isaac, por sí y en representación de la Sucesión de Luis Pabón García. Por igual, el foro *a quo* dejó sin efecto una anotación de rebeldía en contra del causante de la recurrida y ordenó la correspondiente sustitución de parte en el pleito de epígrafe. Lo anterior, dentro de una acción civil sobre cobro de dinero y ejecución de hipoteca promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

Número Identificador

RES2024 _____

# I

El 13 de octubre de 2023, el Tribunal de Primera Instancia notificó la *Resolución* recurrida.  Mediante la misma, la Juzgadora declaró *Ha Lugar* una solicitud de relevo de una sentencia emitida el 13 de marzo de 2023 a favor de la entidad peticionaria. Específicamente, se hizo constar que, "el codemandado Luis Pabón García, de quien la recurrida es su viuda y heredera, falleció unos días después de que se publicara el edicto mediante el cual se le emplazaba como parte de la Sucesión de la Sra. Natalia Pabón García, cuando aún no había expirado el término para contestar la demanda".[1]  Por ello, durante los trámites post sentencia relativos a la ejecución de la sentencia y la venta pública del inmueble hipotecado que garantizó la acreencia de la parte peticionaria, la recurrida le notificó al tribunal, como heredera del codemandado Pabón García, que nunca fue incluida en el pleito, ni notificada del mismo.   Así, al evaluar la petición de la recurrida, el tribunal de origen suprimió los efectos de la sentencia emitida a favor de la parte peticionaria, conforme la R. 49.2 (f) de Procedimiento Civil, 32 LPRA Ap. V, R.49.2 (f).

En desacuerdo, y tras denegada una previa solicitud de reconsideración, el 8 de diciembre de 2023, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.*  En la petición, planteó los siguientes señalamientos:

> Erró el Tribunal al determinar que faltaba parte indispensable, siendo esta la reclamación de una deuda hipotecaria solidaria y no mancomunada y no considerando la exigencia de buena fe que debe haber en el proceso litigioso.
>
> Erró el Tribunal al no aplicar la Regla 22.1(b) para sustitución de parte fallecida.
>
> Erró el Tribunal de Primera Instancia al dejar sin efecto la sentencia y los procesos post sentencia bajo la Regla 40.2, pues la parte compareciente no cumplió con los requisitos de la misma.

---

[1] Véase *Resolución* Pág. 2 del apéndice del Recurso.

Contando con el beneficio de la comparecencia de la parte recurrida, procedemos a expresarnos.

**II**

**A**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.*, 2023 TSPR 65, 212 DPR ____ (2023); *Medina Nazario v. Mcneil Healthcare LLC,* 194 DPR 723, 728 (2016); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial

para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al v. ACBI et al.*, supra. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729; *García v. Asociación*, 165 DPR 311, 321 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

**B**

Por su parte, en ocasión a que una parte estime que, incorrectamente, se ha emitido una sentencia en su contra que ya es final y firme, esta puede solicitar que se decrete su nulidad, ello en un pleito independiente, o que se suprima su oponibilidad, en la misma causa de acción, al amparo de lo establecido en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. Dicha disposición establece el mecanismo procesal disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia, orden o procedimiento, por las razones siguientes: (a) un error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de sentencia; (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia

continuara en vigor, o (f) **cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.**

La norma estatuida en la Regla 49.2 de las de Procedimiento Civil, *supra*, tiene como fin establecer el justo balance entre dos principios de cardinal importancia en nuestro ordenamiento jurídico. Por un lado, se protege el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial, y por el otro, el que los litigios lleguen a su finalidad. *HRS Erase v.* CMT, 205 DPR 689 (2020). Por tanto, para que proceda el relevo de sentencia, según la referida Regla, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas a tal fin. *Pérez Ríos y otros v. Luma Energy, LLC,* 2023 TSPR 136, 213 DPR ___ (2023); *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010).

Ahora bien, relevar a una parte de los efectos de una sentencia, ello a tenor con los términos de la Regla 49.2, *supra*, es una determinación discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Náter v. Ramos,* 162 DPR 616, 642 (2004). Siendo ello así, nuestra intervención con lo resuelto, queda sujeto a que medie abuso de discreción por parte del tribunal primario.

### III

Un examen del expediente de autos mueve nuestro criterio a no intervenir con lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos sugiere que, en el ejercicio de sus facultades, el tribunal primario haya incurrido en error de derecho o en abuso de la discreción que le asiste en el manejo de los procedimientos que atiende, de modo que competa soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula nuestras funciones.

A nuestro parecer, el pronunciamiento aquí recurrido obedece a una juiciosa y prudente gestión dirigida a procurar la más correcta consideración del asunto sometido a su consideración. Así, ante la ausencia de condición alguna que legitime el ejercicio de nuestras facultades revisoras en la causa de epígrafe, concluimos no expedir el presente auto por no concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones